UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| RENATA LUISA SILVA PISCETTA O'KEEFE, *et al*, | § § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. G-05-688 |
| | § | |
| NOBLE DRILLING CORPORATION D/B/A NOBLE DRILLING SERVICES INC., *et al*, | § § § | |
| Defendants. | § § | |

## ORDER GRANTING THIRD-PARTY DEFENDANT'S MOTION TO DISMISS

This case involves the death of an Australian national working in Brazil ("O'Keefe" or "Decedent") who died after receiving allegedly inadequate medical treatment for a respiratory incident. O'Keefe was working as a driller on the semi-submersible rig, *Noble Paul Wolff*. O'Keefe's survivors have filed suit against Noble Drilling Corporation and several other Noble entities (collectively "Noble"). Noble has in turn filed a Third-Party Complaint against Petroleo Brasileiro, S.A. ("Petrobras"), the national oil company of Brazil. Petrobras has filed this Motion to Dismiss arguing that the Foreign Sovereign Immunities Act ("FSIA") precludes subject matter and personal jurisdiction over the claims against it. *See* 28 U.S.C. § 1602 *et seq*. For the reasons outlined below, the Motion is **GRANTED**.[1] Noble's claims against Petrobras are **DISMISSED WITHOUT PREJUDICE**.

**I. Legal Standard**

The FSIA is the singular statutory basis for obtaining subject matter jurisdiction over cases against foreign states in a United States District Court. *See* 28 U.S.C. § 1604 *et seq*; *Argentine Republic v. Amerada Hess Corp.*, 488 U.S. 428, 434, 109 S. Ct. 683, 688, 102 L. Ed.

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

2d 818 (1989).  Section 1604 provides that:

> [s]ubject to existing international agreements to which the United States is a party at the time of the enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 and 1607 of this chapter.[2]

A national corporation can qualify for immunity as an "agency or instrumentality of a foreign state" if it meets the definition found in § 1603(b).  *See* 28 U.S.C. § 1603(a).

> (b)  An "agency or instrumentality of a foreign state" means any entity—
> (1)  which is a separate legal person, corporate or otherwise, and
> (2)  which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and
> (3)  which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title, nor created under the laws of any third country.

28 U.S.C. § 1603(b).  If Petrobras is an "agency or instrumentality of" Brazil, it is entitled to immunity, and there is no subject matter jurisdiction in this Court for Noble's claims against it.

## II. Analysis

Noble argues that Petrobras is not an "agency or instrumentality" of Brazil because it does not meet the second and third requirements of § 1603(b).  Specifically, Noble points out that Brazil owns only 32.3% of Petrobras's shares.  Petrobras admits that Brazil owns only a minority of **total** shares, but argues that since it owns a majority of **controlling** shares, Petrobras meets the second requirement of § 1603(b).  Several courts have considered this issue and found that where a foreign state owns a majority of voting or controlling shares but not a majority of total shares, the entity meets the second requirement of the "agency or instrumentality" definition.  *See Strata Heights Int'l Corp., et al., v. Petroleo Brasileiro, S.A.*, C.A. No. H-00-

---

[2] Third-Party Plaintiff Noble has not argued the applicability of § 1305 or § 1307, which abrogate a state's immunity in certain circumstances.

3052 (S.D. Tex. January 9, 2002), *vacated and remanded on other grounds*, 67 Fed. Appx. 247 (5th Cir. 2003) (finding that Petrobras is an "agency or instrumentality" of Brazil even though Brazil owns a majority of the voting stock but not a majority of the total stock); *In re Aircrash Disaster Near Monroe, Michigan on January 9, 1997*, 987 F. Supp. 975 (E.D. Mich. 1997) (finding that Brazil's ownership of a majority of the defendant's voting stock was sufficient to meet the "other ownership interest" requirement in § 1603(b)(2) even though it did not own a majority of the total shares); *Wilk v. Creditanstalt Bankverein Int'l*, No. 92 Civ. 1748, 1993 WL 97259 (S.D.N.Y. Mar. 31, 1993) (finding that defendant was an "agency or instrumentality" when foreign state owned majority of voting stock but not a majority of the total stock).

This Court agrees with the Court's analysis in *In re Aircrash Disaster*. Specifically, "[t]he phrase 'other ownership interest' suggests that 'ownership' should be used in its normal legal sense where the § 1603 owner of a company enjoys the bundle of rights and powers which an 'owner' would be expected to have." *In re Aircrash Disaster*, 987 F. Supp. at 978. As the majority owner of the voting stock in Petrobras, the Brazilian government has the power to elect a majority of the directors who then appoint officers who manage the day-to-day operations of the company. Brazil's control is so extensive that Petrobras has an obligation to assist the Brazilian government in executing its energy policies, even when this might mean a reduction in the bottom line. Accordingly, the Court finds that Brazil's ownership of a majority of Petrobras's voting shares is sufficient to meet the requirement of § 1603(b)(2).

Noble also argues that Petrobras does not meet the requirement of § 1603(b)(3), which requires that the putative "agency or instrumentality" not be a citizen of the United States or some third country. As support for its argument, Noble points out that Petrobras International Finance Company ("PIFC") is incorporated and organized under the laws of the Cayman Islands.

While this fact likely disqualifies PIFC from FSIA immunity, PIFC is not a party in this case and is not claiming such immunity in this Motion.  The immunity of related entities is irrelevant to the Court's analysis in this case.  Petrobras, the company before the Court, is organized under the laws of Brazil.  Therefore, it meets the requirements of § 1603(b)(3).  Since Petrobras meets all three prongs under § 1603(b), it qualifies as an "agency or instrumentality" of a foreign state and is therefore entitled to immunity under § 1604.

### III.  Conclusion

For the reasons outlined above, Third-Party Defendant Petrobras is entitled to immunity from suit in this Court.  Accordingly, this Court has no subject matter jurisdiction, and the claims asserted against Petrobras in this action are **DISMISSED WITHOUT PREJUDICE**.  All Parties are to bear their own costs, expenses, and attorneys' fees incurred herein to date.

**IT IS SO ORDERED.**

**DONE this the 30th day of July, 2007, at Galveston, Texas.**

_____
Samuel B. Kent
United States District Judge